UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES LEE WASHINGTON (#105549)

VERSUS                                         CIVIL ACTION

RICHARD SPINNER, ET AL                         NUMBER 09-349-RET-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 5, 2010.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES LEE WASHINGTON (#105549)

VERSUS                                    CIVIL ACTION

RICHARD SPINNER, ET AL                    NUMBER 09-349-RET-SCR

MAGISTRATE JUDGE'S REPORT

This matter is before the court on the application of petitioner James Lee Washington for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner was found guilty of one count of simple burglary in the Twentieth Judicial District Court for the Parish of East Feliciana on January 22, 1993.  Following a habitual offender hearing, the petitioner was sentenced to a 24 year term of imprisonment at hard in the custody of the Louisiana Department of Corrections.

The Louisiana First Circuit Court of Appeal affirmed the convictions and sentences, but remanded for the trial court to amend the commitment and minute entry to give the petitioner credit for time served.  *State of Louisiana v. James Washington*, 1994-1251 (La. App. 1st Cir. 6/23/1995) (unpublished opinion).  However, instead of complying with the appellate court's decision, the trial court re-sentenced the petitioner.  Petitioner then perfected a new

1

appeal on the ground that the sentence was excessive. The First Circuit Court of Appeal vacated the re-sentencing, reinstated the original sentence and dismissed the appeal. *State of Louisiana v. James Washington*, 1995-2479 (La. App. 1st Cir. 5/31/1996). Petitioner did not file a writ of certiorari to the Louisiana Supreme Court.

On May 29, 1998, the petitioner filed an application for post-conviction relief in the district court. On September 24, 1998, the trial court denied review. Petitioner sought review in the Louisiana First Circuit Court of Appeal. The Louisiana First Circuit Court of Appeal granted in part, denied in part and remanded to the district court to conduct an evidentiary on the petitioner's ineffective assistance of counsel claim. *State of Louisiana ex rel. James L. Washington v. State of Louisiana,* 1998-2535 (La. App. 1st Cir. 2/12/99). On May 11, 1999, following an evidentiary hearing, the district court denied review. Petitioner did not seek review by the appellate courts.

On September 24, 2004, the petitioner filed a Motion to Withdraw and/or Vacate Illegal Habitual Offender (Multiple Bill) Sentence. On March 18, 2005, the trial court denied review. Petitioner sought review in the Louisiana First Circuit Court of Appeal. On October 17, 2005, the Louisiana First Circuit Court of Appeal denied review specifically holding that the claims raised were not cognizable in a motion to correct illegal sentence. The

court further held that insofar as the motion could be construed as an application for post-conviction relief, the application was untimely and that claims of defects in habitual offender proceedings do not constitute grounds for post-conviction relief. *State of Louisiana v. James L. Washington,* 2005-1826 (La. App. 1st Cir. 10/17/05).  Petitioner sought review by the Louisiana Supreme Court.  The Louisiana Supreme court denied review on August 18, 2006.  *State ex rel. James L. Washington v. State of Louisiana*, 2006-0309 (La. 8/18/06), 935 So.2d 143.  The court specifically relied on La.C.Cr.P. art. 930.8.

Petitioner signed his federal application for habeas corpus on May 26, 2009, and it was filed on June 5, 2009.

No evidentiary hearing is required.  Petitioner's federal habeas corpus application is untimely.

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus.  The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending

3

shall not be counted toward any period of limitation under this subsection.  A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing.  *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D.Tex. 1998).  A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level.  *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

Petitioner's conviction became final no later than June 20, 1996.[1]  By the time the petitioner sought post-conviction relief in the trial court on May 29, 1998 the time limit to file a federal habeas corpus application had already elapsed.[2]  Petitioner's federal habeas corpus application was not timely filed.[3]

---

[1] For purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.

[2] Although the entire state court record was not filed in response to the court's June 30, 2009 order, the portions of the state court record produced are sufficient to determine whether the petitioner's federal habeas corpus application was timely filed.  Moreover, the dates relied upon to determine timeliness are not disputed by the petitioner.

[3] In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief.  *Coleman v. Johnson*, 184 F.3D 398 (5th Cir. 1999).  A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

4

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, February 5, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE